STATE of Wisconsin, Plaintiff-Respondent,

v.

Gregory A. GULRUD, Defendant-Appellant.†

Court of Appeals

*No. 86–1610–CR. Submitted on briefs March 10, 1987.—
Decided July 16, 1987.*

(Also reported in 412 N.W.2d 139.)

† Petition to review denied.

721

For the defendant-appellant the cause was submitted on the brief of *W. Dan Bell, Jr.,* and *Bell Law Offices, S.C.,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Michael R. Klos,* assistant attorney general.

Before Gartzke, P.J., Eich and Sundby JJ.

SUNDBY, J. Gregory Gulrud appeals a judgment convicting him of three counts of second-degree sexual assault, contrary to sec. 940.225(2)(a), Stats.[1]

---

[1]Section 940.225(2), Stats., provides:

Gulrud claims that the alleged assaults consisted of a single consensual act of vaginal sexual intercourse, that he did not physically harm the complaining witness, and that the injuries she claims she received during his assaults were inflicted by a third party. His offer to prove that after the alleged assaults the complaining witness had sexual intercourse with another man who could have caused her injuries was rejected by the trial court. He claims that the trial court erred in excluding such evidence under Wisconsin's rape shield law, sec. 972.11(2)(b), Stats.; that such evidence was admissible under the exception stated in sec. 972.11(2)(b)2; and that exclusion of such evidence denied him his right to be confronted with the witnesses against him.

We conclude that evidence that the complaining witness had sexual intercourse with another man after the alleged assaults was inadmissible under sec. 972.11(2)(b), Stats; that such evidence was inadmissible under sec. 972.11(2)(b)2 to show the source or origin of semen to be used in determining the degree of sexual assault or extent of the complaining witness's injuries; and that Gulrud's confrontation right was not violated by the exclusion of such evidence because its probative value was substantially outweighed by the danger of unfair prejudice and was properly excluded under sec. 904.03, Stats. We therefore affirm.

## I.  BACKGROUND OF THE CASE

The assaults were alleged to have occurred at Gulrud's place of employment at approximately 3:00 a.m. After the claimed assaults the complainant drove Gulrud home and returned to her apartment. She reported the assaults to the rape crisis center approximately 1:00 p.m. that day. That afternoon she went to a local hospital emergency room where she was examined by a physician. A vaginal swab was taken and a semen specimen was sent to the state crime laboratory. The examining physician testified that she found numerous severe bruises on the complainant's body and small abrasions around her vagina and rectum. The physician testified to a reasonable degree of scientific certainty that the abrasions were consistent with forcible entry.

The complaining witness acknowledged that on prior occasions she had consensual sexual intercourse with Gulrud.

Prior to trial, the trial court granted the state's motion to exclude, pursuant to sec. 972.11(2)(b), Stats., any evidence of the complaining witness's sexual conduct except with Gulrud, including the state crime laboratory's evidence as to the results of its tests of the semen specimen. The court denied Gulrud's pretrial motion to introduce evidence relative to the semen under the exception stated in sec. 972.11(2)(b)2 and to allow him to examine the complaining witness as to whether she had sexual intercourse with another man between the time of the alleged assaults and the time she was examined at the hospital.

During trial, Gulrud made an offer that if he were allowed to examine the complaining witness and she denied sexual intercourse with another man after the

alleged assaults, he would prove through expert medical testimony that the semen found in the complaining witness's vagina was deposited after the alleged assaults by another man. Gulrud stated that the purpose of such examination was not only to establish that someone else could have caused the complaining witness's injuries but also to impeach her credibility. The court rejected the offer of proof.

We first consider whether the trial court erred in excluding under sec. 972.11(2)(b), Stats., evidence of the complaining witness's alleged sexual intercourse after the claimed assaults.

## II. APPLICATION OF RAPE SHIELD LAW

Section 972.11(2), Stats., provides:

(a) In this subsection, "sexual conduct" means any conduct or behavior relating to sexual activities of the complaining witness, including but not limited to prior experience of sexual intercourse or sexual contact, use of contraceptives, living arrangement and life-style.

(b) If the defendant is accused of a crime under s. 940.225, any evidence concerning the complaining witness's prior sexual conduct or opinions of the witness's prior sexual conduct and reputation as to prior sexual conduct shall not be admitted into evidence during the course of the hearing or trial, nor shall any reference to such conduct be made in the presence of the jury, except the following, subject to s. 971.31(11):

1. Evidence of the complaining witness's past conduct with the defendant.

2. Evidence of specific instances of sexual conduct showing the source or origin of semen, pregnancy or disease, for use in determining the

degree of sexual assault or the extent of injury suffered.

3. Evidence of prior untruthful allegations of sexual assault made by the complaining witness.

(c) Notwithstanding s. 901.06, the limitation on the admission of evidence of or reference to the prior sexual conduct of the complaining witness in par. (b) applies regardless of the purpose of the admission or reference unless the admission is expressly permitted under par. (b) 1, 2 or 3.

■

The statute is silent as to whether the inadmissible "prior sexual conduct" of the complaining witness is her sexual conduct prior to the alleged assault or prior to the defendant's attempt to introduce such evidence. It is therefore ambiguous, and we must construe it.

■

The guiding principle of statutory construction is to determine the intent of the legislature. *Hemerley v. American Fam. Mut. Ins. Co.,* 127 Wis. 2d 304, 308, 379 N.W.2d 860, 863 (Ct. App. 1985). When an ambiguity in statutory language is present, we must determine the legislative intent from the language of the statute in relation to its scope, history, context, subject matter and the object sought to be accomplished. *Stoll v. Adriansen,* 122 Wis. 2d 503, 511, 362 N.W.2d 182, 187 (Ct. App. 1984). When a statute is ambiguous, a reviewing court may resort to extrinsic aids to determine legislative intent. *State v. Stepniewski,* 105 Wis. 2d 261, 268, 314 N.W.2d 98, 101 (1982). "One of the most valuable extrinsic aids of judicial construction is legislative history." *Milwaukee Co. v. Labor & Ind. Rev. Comm.,* 113 Wis. 2d 199, 204, 335 N.W.2d 412, 415 (Ct. App. 1983).

The legislative history of Wisconsin's rape shield law was recited in *State v. Vonesh,* 135 Wis. 2d 477, 483–86, 401 N.W.2d 170, 173–75 (Ct. App. 1986). The objective of Wisconsin's rape shield law, like similar legislation enacted in many other states, is to reverse the long-standing common law doctrine that permitted a defendant accused of rape to inquire into a complainant's "character for unchastity." *Id.* at 484, 401 N.W.2d at 174. *See also State v. Penigar,* 139 Wis. 2d 569, 585, 408 N.W.2d 28, 36 (1987) (rape shield law enacted to encourage victims of rape to report the crime and to appear as witnesses without fear of having their past sexual history exposed to the public). Admitting evidence of the complaining witness's sexual conduct subsequent to an alleged assault would subject the complaining witness in a sexual assault prosecution under sec. 940.255, Stats., to exactly the humiliating cross-examination sec. 972.11(2)(b), Stats., is intended to preclude.

We conclude that sec. 972.11(2)(b), Stats., precludes introduction of all evidence, except that specifically excepted, of the complaining witness's sexual conduct prior to the conclusion of the sexual assault trial. This has been noted to be the better interpretation of rape shield laws. Comment, *Rape Shield Statutes: Constitutional Despite Unconstitutional Exclusions of Evidence,* 1985 Wis. L. Rev. 1219, 1228. It is also consistent with the interpretation adopted by the Michigan court of appeals of that state's rape shield law, after which sec. 972.11(2) is patterned. *See Vonesh,* 135 Wis. 2d at 489, 401 N.W.2d at 176. In *People v. Stull,* 338 N.W.2d 403, 405 (Mich. Ct. App. 1983), the court held that evidence of the complain-

729

ant's sexual activity approximately seven hours after the alleged rape was properly excluded. The court said the rape shield statute "does not only bar evidence of complainant's sexual activity prior to the alleged rape. It bars, with two narrow exceptions, evidence of *all* sexual activity by the complainant not incident to the alleged rape." *Id.*

## III. APPLICATION OF EXCEPTION

Gulrud argues that evidence that the complaining witness had sexual intercourse with a third party was admissible under the exception stated in sec. 972.11(2)(b)2, Stats., which permits evidence of specific instances of sexual conduct showing the "source or origin of semen ... for use in determining the degree of sexual assault or the extent of injury suffered." Gulrud contends that the evidence he was forbidden to present—that the complaining witness had sexual intercourse with another man after the alleged assaults—is relevant to the degree of sexual assault with which he is charged and the extent of the complaining witness's injuries. He does not explain his contention or develop his argument. We decline to develop his argument for him. *See State v. Shaffer,* 96 Wis. 2d 531, 545–46, 292 N.W.2d 370, 378 (Ct. App. 1980) (under sec. 809.19(1)(e), Stats., proper appellate argument requires an argument containing the contention of the party, the reasons therefor, with citation of authorities, statutes and that part of the record relied on; inadequate argument will not be considered). We conclude that Gulrud has failed to establish that the evidence he sought to present was admissible under sec. 972.11(2)(b)2.

## IV.  RIGHT OF CONFRONTATION

We construe Gulrud's position to be that if the evidence he seeks to introduce is inadmissible under sec. 972.11(2)(b), Stats., the statute as applied is unconstitutional. He contends first that since the complaining witness's credibility was already significantly undermined, his right of confrontation required that he be allowed to impeach her on the question of whether she had sexual intercourse with another man after the alleged assaults. Next, he contends that since the complaining witness's injuries were used to show that he used force or the threat of force or violence—an element of the offense of second-degree assault under sec. 940.225(2)(a), Stats., Wis J I—Criminal 1209—he was entitled to show that a third party, with whom the complaining witness had sexual intercourse, could have caused her injuries.

In support of his first contention Gulrud cites *Government of Virgin Islands v. Jacobs*, 634 F. Supp. 933 (D. V.I. 1986). *Jacobs* does not support Gulrud's position. The Government had elicited from the alleged victim that before the rape she was a virgin. The court held that the federal rule's constitutional exception (evidence admissible when "constitutionally required," Fed. R. Evid. 412(b)(1)), "embraces the accused's right to confront his victim with impeachment evidence consisting of prior sexual conduct where the Government first opens the door on this line of cross-examination." *Id.* at 940. Here, the state has opened no door through which Gulrud can squeeze evidence of the complaining witness's sexual conduct with others. We reject this contention.

As to Gulrud's second contention, the state concedes that if Gulrud could have established that the complaining witness had intercourse with another man between the time of the alleged assaults and her medical examination, such evidence would have been relevant to explain her injuries and rebut the state's charge that Gulrud had sexual contact with the complaining witness by force or violence. Gulrud argues that had the jury heard the testimony of his medical expert that the semen specimen was deposited in the complaining witness's vagina after the alleged assaults, the jury would have had difficulty believing that she received her injuries during assaults by him. The state contends (a) that the semen evidence was inadmissible under sec. 906.08(2), Stats., and (b) that the semen evidence was properly excluded because its probative value was substantially outweighed by its possible prejudicial effect. We reject the state's first argument but accept the second.

(a) *Admissibility of the Semen Evidence Under sec. 906.08(2), Stats.*

The state contends that the offered medical testimony that a third party deposited semen in the complaining witness's vagina between the time of the alleged assaults and her physical examination was inadmissible under sec. 906.08(2), Stats., which provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of crimes as provided in s. 906.09, may not be proved by extrinsic evidence. They may, however, subject to s. 972.11(2), if probative of truthfulness or untruthfulness and not remote in time, be inquired

into on cross-examination of the witness or on cross-examination of a witness who testifies to his or her character for truthfulness or untruthfulness.

■

Section 906.08(2), Stats., is intended to make inadmissible collateral facts intended solely to contradict the witness, which are not admissible for any recognized purpose. *State v. Sonnenberg,* 117 Wis. 2d 159, 161, 344 N.W.2d 95, 96 (1984). Wigmore suggests that a matter is collateral if it does not meet the following test: "Could the fact, as to which error is predicated, have been shown in evidence for any purpose independently of the contradiction?" 3A Wigmore, *Evidence,* sec. 1003, p. 961 (Chadbourn rev. 1970), cited in *McClelland v. State,* 84 Wis. 2d 145, 159, 267 N.W.2d 843, 850 (1978).

■

Evidence of the deposit by another man of semen in the complaining witness's vagina between the time of the alleged assaults and her hospital examination would have served an independent purpose—to establish that someone other than Gulrud had the opportunity to cause her injuries. The semen evidence was not inadmissible under sec. 906.08(2), Stats.

(b) *Probative Value of Semen Evidence Was Outweighed by the Danger of Unfair Prejudice.*

The state argues that the semen evidence was properly excluded under sec. 904.03, Stats., because its probative value was substantially outweighed by the danger of unfair prejudice. Section 904.03 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The trial court excluded the offered evidence because it was not relevant to the question of who caused her injuries. The court pointed out that Gulrud was not foreclosed from showing by other evidence that someone else had caused the complaining witness's injuries. The state concedes, however, that such evidence was relevant because it would have permitted the jury to infer that Gulrud did not use force in his sexual intercourse with the complaining witness. The court did not explicitly weigh the probative value of this evidence against its prejudicial effect because it found the evidence had no probative value. The trial court's failure to make an explicit determination that the probative value of the evidence was outweighed by its possible prejudicial effect does not require reversal. We will uphold a discretionary decision of the trial court if the record contains facts which would support its decision had it fully exercised its discretion. *State v. Rutchik,* 116 Wis. 2d 61, 74 n.6, 341 N.W.2d 639, 646 (1984). We conclude that the record contains facts which support the exclusion of the offered evidence had the trial court fully exercised its discretion under sec. 904.03, Stats.

We first consider the probative value of the offered evidence. *Black's Law Dictionary*'s definition of "probative evidence" refers us to "relevant evidence." *Black's Law Dictionary* 1082 (5th ed. 1979). Section 904.01, Stats., provides that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence."

The fact that is of consequence to the determination of this action is whether the complaining witness was injured by Gulrud in his alleged assaults or by another man in his sexual intercourse with her. Evidence that the complaining witness had sexual intercourse with another man after the alleged assaults makes it less probable that Gulrud assaulted and injured her.

How probative the offered evidence would have been of the fact that the complaining witness's injuries were caused by another man in sexual intercourse after her sexual intercourse with Gulrud must be determined by considering the relevant evidence arrayed against the offered evidence.

The countervailing evidence would have included: testimony of the state crime laboratory that the semen could have been deposited in sexual intercourse within forty-eight hours prior to the complaining witness's medical examination; the complaining witness's testimony that she had consensual sexual intercourse with another man approximately twelve hours before the alleged assaults; the unlikelihood that the complaining witness would have incurred her rather severe injuries in consensual sexual intercourse; the unlikelihood that the complaining witness would have concealed the identity of the individual who caused her injuries; the relative lack of opportunity for the complaining witness to engage in consensual sexual intercourse between the time of the claimed assaults and her examination at the hospital; and, finally, the weak foundation of Gulrud's medical witness's opinion which would have been based on the state crime laboratory report and not on his personal

examination of the complaining witness. We conclude that the offered evidence would have had slight probative value in establishing the fact of consequence to the determination of this action.

We next consider the danger of unfair prejudice if the offered evidence had been admitted. Evidence is unfairly prejudicial if it has "a tendency to influence the outcome by improper means" or if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish" or otherwise causes a jury "to base its decision on something other than the established propositions in the case." *Lease America Corp. v. Ins. Co. of N. America,* 88 Wis. 2d 395, 401, 276 N.W.2d 767, 770 (1979). Prior to enactment of sec. 972.11(2), Stats., evidence of the complaining witness's sexual conduct with others was frequently excluded because of its low probative value and considerable risk of unfair prejudice. *See Milenkovic v. State,* 86 Wis. 2d 272, 277–82, 272 N.W.2d 320, 323–25 (Ct. App. 1978).

The evidence Gulrud sought to introduce would have created a very weak inference that another man could have caused the complaining witness's injuries. Balanced against this weak inference would have been the very real danger that the jury could have concluded that the complaining witness was promiscuous and punished her for her moral delinquency, rather than basing its decision on the established propositions in the case. We conclude that the trial court, had it fully exercised its discretion under sec. 904.03, Stats., could have concluded that the probative value of the offered evidence was substantially outweighed by the danger of unfair prejudice and was properly excluded. In view

of our conclusion, we need not consider Gulrud's claim that sec. 972.11(2)(b), Stats., was applied unconstitutionally.

*By the Court.*—Judgment affirmed.