**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**May 21, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.  2019AP1392
              2019AP1393
STATE OF WISCONSIN**

Cir. Ct. Nos.  2018FO585
                2018FO617

**IN COURT OF APPEALS
DISTRICT IV**

VILLAGE OF TAYLOR,

   PLAINTIFF-RESPONDENT,

V.

STEVEN J. PEPLINSKI,

   DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Jackson County: ANNA L. BECKER, Judge. *Affirmed.*

¶1    BLANCHARD, J.[1]   Steven Peplinski appeals two forfeiture orders following guilty jury verdicts for violations of Village of Taylor Ordinance 15-1-

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

6(f)(1). This ordinance involves the requirement that fencing be placed around a site on which a building has been or is being razed. Citations were issued in November 2018 and a trial was held in May 2019.

¶2      Peplinski, pro se, has filed a brief purporting to raise four issues. However, the brief is so unclear that if properly presented as legal arguments he may intend to raise fewer than four issues or more than four issues. In any case, the brief is thoroughly undeveloped and inadequate. Further, Peplinski has failed to ensure that the record contains the transcripts necessary to review some of what he may intend to argue on appeal.[2]   *See* WIS. STAT. RULES 809.11(4), 809.19(2)(a).

¶3      The Village responds with a brief that notes some of the ways in which Peplinski's brief is defective. The Village then states:

> Peplinski's brief leaves the Village of Taylor to guess at what Peplinski is arguing to the [c]ourt [of appeals]. The Village of Taylor assumes that Peplinski is upset with the [circuit c]ourt's decision … regarding the waiver of costs and fees, however, Peplinski has not properly briefed this issue, nor has he included in his brief copies of the portions of the record he complains of or copies of any decision by the [c]ircuit [c]ourt of which he complains ….

¶4      Peplinski has not filed a reply brief.

---

[2] Among the issues that Peplinski purports to raise, in some manner or other, is that the circuit court improperly denied a motion to waive fees, which he contends explains why he was unable to comply with his obligation to provide the court of appeals with the necessary transcripts. However, like all other arguments made in Peplinski's brief, I conclude that the fee waiver issue is inadequately developed.

¶5 While pro se litigants may be granted some leeway, they are generally held to the same appellate rules as attorneys. *See **Waushara Cty. v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). Self-representation is not a license to avoid or ignore the relevant procedural and substantive law. ***Id.***

¶6 In order to attempt a substantive review of whatever issues Peplinski may intend to present, I would essentially have to develop the issues from scratch using the record, even putting aside the problem of the missing transcripts. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (rejecting as undeveloped potential arguments of brief so lacking in organization and substance that to decide the appellate issues, appellate court would first have to develop them). I decline to consider Peplinski's unsupported and undeveloped arguments because to do so would require me to abandon my neutral role. *See **State v. Gulrud***, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987). As the Village points out, this would obviously be unfair to the Village.

*By the Court*.—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.