**Electronically Filed
Supreme Court
SCWC-19-0000583
10-OCT-2022
07:59 AM
Dkt. 15 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

_____

IN THE INTEREST OF GH

_____

SCWC-19-0000583

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-19-0000583; CASE NO. FC-J 0105711)

OCTOBER 10, 2022

RECKTENWALD, C.J., NAKAYAMA, McKENNA, WILSON, AND EDDINS, JJ.

OPINION OF THE COURT BY McKENNA, J.

## I.    Introduction

This case arises from an adjudication of GH ("Minor"), a teenager at the time, as a law violator by the Family Court of the First Circuit ("family court"), for sexually assaulting the complaining witness ("CW"), who was nine years old at the time of the assault.

On certiorari, Minor alleges the Intermediate Court of Appeals ("ICA") erred by (1) affirming the family court's

exclusion, based on Rule 412 (2016) of the Hawaiʻi Rules of Evidence ("HRE"), of Minor's proffered extrinsic evidence of CW's past false sexual assault allegations; (2) concluding the family court had not erred by failing to make a preliminary determination as to the truth or falsity of CW's past sexual assault allegations, as required by State v. West, 95 Hawaiʻi 452, 24 P.3d 648 (2001); and (3) concluding there was sufficient evidence to deem Minor a law violator.

We preliminarily address the untimeliness of Minor's certiorari application, which was filed more than eight months after the ICA's October 30, 2020 judgment on appeal. In State v. Uchima, 147 Hawaiʻi 64, 464 P.3d 852 (2020), we held that a defendant in a criminal case has the right to effective assistance of counsel during all stages of an appeal, which includes procedural compliance with the statutory requirements for filing an application for writ of certiorari. 147 Hawaiʻi at 79, 464 P.3d at 867. We have also held that "[b]ecause effective assistance of counsel is fundamental to a fair trial, it should be guaranteed in juvenile law violator proceedings as have other fundamental criminal case guarantees." In re Doe, 107 Hawaiʻi 12, 16, 108 P.3d 966, 970 (2005). Hence, Uchima's holding applies to juvenile law violation cases.

Addressing the merits, we hold that (1) under the circumstances of this case, it was an abuse of discretion for

the family court to exclude the proffered evidence based on the procedural notice requirements of HRE Rule 412; (2) as further discussed below, if a defendant seeks to admit a complaining witness's false allegations of sexual assault, then admissibility of such evidence is not subject to HRE Rule 412 or West, 95 Hawai'i 452, 24 P.3d 648; and (3) Minor's insufficiency of evidence argument lacks merit.

We therefore vacate the ICA's October 30, 2020 judgment on appeal as well as the family court's June 5, 2019 decree, July 23, 2019 order, and September 24, 2019 findings of fact and conclusions of law.  We remand to the family court for proceedings consistent with this opinion.

## II.  Background

### A.  Family court proceedings

#### 1.  Charges

On February 5, 2019, the State of Hawai'i ("the State") filed six amended petitions against Minor[1]: one for first-degree

---

[1]    Minor comes within the purview of Hawai'i Revised Statutes ("HRS") § 571-11 (2018), which states in relevant part:

> Except as otherwise provided in this chapter, the court shall have exclusive original jurisdiction in proceedings:
>
> (1) Concerning any person who is alleged to have committed an act prior to achieving eighteen years of age that would constitute a violation or attempted violation of any federal, state, or local law or county ordinance.

sexual assault,[2] four for third-degree sexual assault,[3] and one for attempted first-degree sexual assault.[4]

## 2.    Motion in limine and hearing on the motion

On February 8, 2019, the State filed a motion in limine based on HRE Rule 412[5] to prohibit the defense and witnesses from referring to "[a]ny evidence, including but not limited to reputation and/or opinion, relating to the past sexual history, behavior and/or character of [CW]."  At the time, trial was scheduled for April 17, 2019.  The State said it had reviewed child welfare reports and believed Minor might attempt to inquire into the past sexual history of CW in violation of HRE Rule 412.  Minor did not file a memorandum in response to this motion.  Minor also did not file any HRE Rule 412(c) notice or

---

[2]    HRS § 707-730 (2014) provided in relevant part: "(1) A person commits the offense of sexual assault in the first degree if: . . . (b) The person knowingly engages in sexual penetration with another person who is less than fourteen years old[.]"

[3]    HRS § 707-732 (2014) provided in relevant part: "(1) A person commits the offense of sexual assault in the third degree if: . . . (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]"

[4]    HRS § 705-500 (2014) provides in relevant part:

> (1) A person is guilty of an attempt to commit a crime if the person:
> . . . .
> (b) Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

[5]    See infra Section IV.B.1 for relevant portions of HRE Rule 412.

4

motion regarding CW's past sexual behavior allegations of sexual assault by others.

Just before beginning the rescheduled June 4, 2019 bench trial, the family court heard the State's motion in limine.  The State indicated Minor might attempt to inquire into CW's past sexual history, which it said must be excluded under HRE Rule 412.  Minor responded that although he would not offer evidence of CW's past sexual conduct, he would be going into accusations she had made against others.

3.    Bench trial

At trial, various witnesses testified.  CW testified as follows:

She was sexually assaulted by Minor when she was nine years old.  At the time, she lived with her mother and father, two older sisters, the sisters' boyfriends, and her little sister.  She met Minor as a friend of a neighbor with whom she often spent time.  She came to view Minor as an older brother, and Minor often slept over at her house.

One night, Minor came into her room and sexually assaulted her.  CW described the assault in detail.  Minor told her that if she told anyone, something would happen to her.  CW did not speak about what happened until she told a hospital employee.

CW was later transferred into the care of a foster mother, her aunt.  Her aunt had a daughter, CW's cousin, who was three

years older.  After moving in with her aunt, CW went to the Children's Justice Center ("CJC") and spoke with an interviewer about the sexual assault by Minor.  She was later taken to a doctor for a physical examination.

On cross-examination, Minor asked CW whether she had told her cousin that her sister's boyfriend had sexually assaulted her.  CW responded she had told her cousin that her sister's boyfriend would watch her when she slept, but denied saying he had touched her sexually.  Minor asked the same question regarding CW's father.  CW responded she had only told her cousin her father at times made her feel uncomfortable.  Minor also asked whether CW told her cousin that another cousin had touched and raped her.  The court sustained the State's objection to this question.

Minor then also asked whether CW had told her aunt she had been sexually assaulted by her father.  The State objected on relevance and hearsay grounds.  Minor responded he was attempting to cross-examine CW regarding past false accusations of sexual assault, stating "when the [CW] made a statement to the police, she denied these false accusations."  The family court concluded it would "allow some leeway" and permitted Minor to ask CW whether she had told her aunt she had been sexually assaulted by her father.  CW again responded she had not said

that her father sexually assaulted her, but that certain things he did had made her uncomfortable.

Minor then attempted to adduce extrinsic evidence of CW's alleged false sexual assault allegations. Minor called CW's aunt as a witness and asked what CW had said about being sexually assaulted. The family court sua sponte disallowed a response on hearsay grounds.[6] Minor then indicated he was ready to call CW's cousin to the stand to ask similar questions about CW's false allegations, but the family court disallowed any such testimony.[7]

At the close of evidence, the family court ruled it had properly excluded testimony from others concerning CW's past statements regarding other alleged sexual assaults because Minor never filed a HRE Rule 412 motion with fifteen days' notice before trial. Minor argued that a HRE Rule 412 motion was not necessary because the defense only intended to ask about false accusations, not sexual behavior, but the family court disagreed.

---

[6] The anticipated evidence was not being proffered for the truth of the matter asserted.

[7] Minor also questioned Detective Cadiz, who had watched the CJC interview through a window, about what CW had said. Defense counsel attempted to elicit evidence that, contrary to her trial testimony, CW never said that her father made her uncomfortable.

### 4. Adjudication and sentence

The family court then adjudicated Minor a law violator on one count of first-degree sexual assault and two counts of third-degree sexual assault and dismissed the remaining counts with prejudice. The family court committed Minor to the custody of the Office of Youth Services for commitment to the Hawai'i Youth Correctional Facility until age nineteen, with orders for the Minor to be referred for behavioral services. On June 5, 2019, the family court filed its "Decree Re: Law Violation Petition(s)" ("June 5, 2019 decree").

### 5. Post-trial motions

On June 13, 2019, Minor moved for a new trial, arguing the family court erred in precluding Minor from eliciting evidence of CW's false accusations of sexual assault by others. Citing to West, 95 Hawai'i 452, 24 P.3d 648, Minor asserted such evidence was not "sexual conduct" evidence under HRE Rule 412. Minor also alternatively argued that, pursuant to West, the family court erred in not making a preliminary determination as to the falsity of CW's prior allegations. Minor argued he would have met his burden of proving that CW's statements were false. Minor also asserted that there were "prejudicial violations of the Minor's constitutional rights" and that he had been denied a fair trial.

On July 23, 2019, the family court affirmed its evidentiary rulings based on Minor's failure to file a HRE Rule 412 motion before trial ("July 23, 2019 order"). The family court's post-appeal September 24, 2019 findings of fact and conclusions of law stated (1) defense counsel never filed a HRE Rule 412 motion before trial; (2) under West, 95 Hawaiʻi at 459, 24 P.3d at 655, "where the truth or falsity of a statement regarding an unrelated sexual assault is unknown, it falls within the purview of the rape shield statute and must be analyzed accordingly"; (3) defense counsel only asserted CW's prior statements may have been false; and (4) because the threshold of falsity was not met, CW's statements fell within HRE Rule 412 and were properly excluded.

**B. ICA proceedings**

On appeal to the ICA, Minor argued the family court erred because (1) evidence of CW's prior inconsistent statements about prior sexual assaults should have been admitted under HRE Rule 613(b) (2016);[8] (2) CW's allegations should not have been excluded under HRE Rule 412 because West held that a complaining witness's false statements of prior unrelated sexual assaults

---

[8] HRE Rule 613(b) provides:

> Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless, on direct or cross-examination, (1) the circumstances of the statement have been brought to the attention of the witness, and (2) the witness has been asked whether the witness made the statement.

are not excluded by HRE Rule 412; (3) in any event, the family court should have made a preliminary determination as to the falsity of CW's prior allegations based on West; and (4) there was insufficient evidence that he was a law violator.

In its summary disposition order, the ICA held evidence of CW's past sexual assault allegations was inadmissible under HRE Rule 412. The ICA concluded the family court did not err in not making a preliminary determination as to the falsity of CW's allegations because Minor failed to comply with HRE Rule 412(c)'s written notice requirement. The ICA also held that even though the family court had not made a preliminary determination as to falsity, the family court could find in its post-trial findings that falsity had not been shown. Additionally, the ICA held CW's inconsistent statements inadmissible under HRE Rule 613 because HRE Rule 412, a law of specific application, controls over HRE Rule 613, a law of general application. Finally, the ICA held there was sufficient evidence to support Minor's adjudication as a law violator. The ICA thus affirmed the family court's June 5, 2019 decree and July 23, 2019 order.

## C. Supreme Court proceedings

More than eight months after the ICA's October 30, 2020 judgment on appeal, Minor's counsel filed an untimely certiorari application. Defense counsel states, "Due to

10

counsel's error, an application for writ of certiorari was not filed in a timely fashion in the above-entitled matter. However, pursuant to the principles outlined in State v. Uchima, . . . we ask that this court consider the arguments and representations presented herein."

### III. Standards of review

#### A. Jurisdiction

The existence of jurisdiction is a question of law and is reviewed de novo under the right/wrong standard. Lingle v. Haw. Gov't Emps. Ass'n, Local 152, 107 Hawai'i 178, 182, 111 P.3d 587, 591 (2005).

#### B. Admissibility of evidence

> When application of a particular evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard. However, the traditional abuse of discretion standard should be applied in the case of those rules of evidence that require a "judgment call" on the part of the trial court.

State v. Heggland, 118 Hawai'i 425, 434, 193 P.3d 341, 350 (2008) (citation omitted).

#### C. Exclusion of admissible evidence

A trial court's error in excluding evidence prejudicially affects a defendant's right to a fair trial and requires vacatur unless the exclusion was harmless beyond a reasonable doubt. See State v. Kato, 147 Hawai'i 478, 497, 465 P.3d 925, 944 (2020); State v. Abion, 148 Hawai'i 445, 448, 478 P.3d 270, 273 (2020).

## D.  Statutory interpretation

> The interpretation of a statute is a question of law that this court reviews de novo.  When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself.  And we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose.

Abion, 148 Hawai'i at 454, 478 P.3d at 279 (citations omitted).

## E.  Sufficiency of the evidence

> Evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.  Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.  Substantial evidence is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

State v. Xiao, 123 Hawai'i 251, 257, 231 P.3d 968, 974 (2010) (cleaned up).

## IV. Discussion

## A.  Uchima applies to juvenile proceedings

Minor's certiorari application was filed approximately eight months after the ICA's judgment on appeal.  Under HRS § 602-59(a) and (c) (2016 & Supp. 2017), however, a party has up to thirty days after the ICA's judgment on appeal or dismissal order to file a certiorari application with this court.  A party may extend this deadline by an additional thirty days upon written request.  HRS § 602-59(c).

12

In Uchima, 147 Hawai'i at 82, 464 P.3d at 870, we held this court may "decline to dismiss an application for writ of certiorari as untimely and proceed to review its merits when it is plain from the record that defense counsel failed to comply with the procedural requirements for filing the application." (Citation omitted).  Uchima held that the Hawai'i Constitution "guarantees a defendant in a criminal case the right to the effective assistance of counsel on certiorari review in the same manner that it does during all other critical stages of the criminal proceedings."  147 Hawai'i at 76, 464 P.3d at 864.

This court has also held that "[b]ecause effective assistance of counsel is fundamental to a fair trial, it should be guaranteed in juvenile law violator proceedings as have other fundamental criminal case guarantees."  In re Doe, 107 Hawai'i 12, 16, 108 P.3d 966, 970 (2005).  Hence, Uchima also applies to juvenile law violation proceedings.

Here, defense counsel admitted ineffective assistance of counsel, indicating in the certiorari application that "[d]ue to counsel's error, an application for writ of certiorari was not filed in a timely fashion[.]"  We therefore decline to dismiss Minor's certiorari application and now turn to its merits.  We address Minor's questions on certiorari as follows.

13

**B.    The proffered evidence should not have been excluded**

At trial, Minor sought to introduce extrinsic evidence that CW made false statements of sexual assault against others.  The family court and ICA held the proffered evidence inadmissible based on HRE Rule 412, as applied by West, 95 Hawai'i 452, 24 P.3d 648.

**1.    HRE Rule 412's plain language renders it inapplicable to false allegations of sexual assault**

HRE Rule 412 provides in relevant part as follows:

> **Rule 412.   Sexual offense and sexual harassment cases; relevance of victim's past behavior.**
>
> (a)   Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sexual offense, reputation or opinion evidence of the past sexual behavior of an alleged victim of the sexual offense is not admissible to prove the character of the victim to show action in conformity therewith.
>
> (b)   Notwithstanding any other provision of law, in a criminal case in which a person is accused of a sexual offense, evidence of an alleged victim's past sexual behavior other than reputation or opinion evidence is not admissible to prove the character of the victim to show action in conformity therewith, unless the evidence is:
>
> > (1)   Admitted in accordance with subsection (c)(1) and (2) and is constitutionally required to be admitted; or
> >
> > (2)   Admitted in accordance with subsection (c) and is evidence of:
> >
> > > (A)   Past sexual behavior with persons other than the accused, offered by the accused upon the issue of whether the accused was or was not, with respect to the alleged victim, the source of semen or injury; or
> > >
> > > (B)   Past sexual behavior with the accused and is offered by the accused upon the issue of whether the alleged victim consented to the sexual behavior with respect to which sexual assault is alleged.

14

> (c)(1)  If the person accused of committing a sexual offense intends to offer under subsection (b) evidence of specific instances of the alleged victim's past sexual behavior, the accused shall make a written motion to offer the evidence not later than fifteen days before the date on which the trial in which the evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which the evidence relates has newly arisen in the case.  Any motion made under this paragraph shall be served on all other parties and on the alleged victim.

> (2)  The motion described in paragraph (1) shall be accompanied by a written offer of proof.  If the court determines that the offer of proof contains evidence described in subsection (b), the court shall order a hearing in chambers to determine if the evidence is admissible.  At the hearing, the parties may call witnesses, including the alleged victim, and offer relevant evidence.  Notwithstanding subsection (b) of rule 104, if the relevancy of the evidence that the accused seeks to offer in the trial depends upon the fulfillment of a condition of fact, the court, at the hearing in chambers or at a subsequent hearing in chambers scheduled for this purpose, shall accept evidence on the issue of whether the condition of fact is fulfilled and shall determine the issue.

> (3)  If the court determines on the basis of the hearing described in paragraph (2) that the evidence that the accused seeks to offer is relevant and that the probative value of the evidence outweighs the danger of unfair prejudice, the evidence shall be admissible in the trial to the extent an order made by the court specifies evidence that may be offered and areas with respect to which the alleged victim may be examined or cross-examined.

> . . . .

> (h)  For purposes of this rule, the term "past sexual behavior" means sexual behavior other than the sexual behavior with respect to which a sexual offense or sexual harassment is alleged.

HRE Rule 412 prohibits evidence of a complaining witness's "past sexual behavior" in a criminal case in which a defendant is charged with sexual assault when offered for certain purposes.  HRE Rule 412(h) defines "past sexual behavior" as

15

"sexual behavior other than the sexual behavior with respect to which a sexual offense or sexual harassment is alleged."

State v. Kelekolio, 74 Haw. 479, 849 P.2d 58 (1993), noted that although HRE Rule 412 does not define "behavior" as used in the term "sexual behavior," it "pertains to the admissibility of the sexual assault victim's past sexual conduct." 74 Haw. at 521 n.19, 849 P.2d at 77 n.19 (cleaned up) (citing S. Stand. Comm. Rep. No. 22-80, in 1980 Senate Journal, at 1034). We pointed out that "conduct" means a "mode of action" or "something done." Id. (first quoting Conduct, Black's Law Dictionary (6th ed. 1990); and then quoting Action, Black's Law Dictionary (6th ed. 1990)). Hence, Kelekolio concluded that false allegations of sexual activity do not fall under HRE Rule 412. See 74 Haw. at 521, 849 P.2d at 77.[9]

## 2. **West**

In West, defense counsel sought to introduce evidence regarding a four-year-old's statement that she had been sexually

---

[9] In Kelekolio, the complaining witness had Down syndrome and functioned at the cognitive level of a four- to seven-year-old. 74 Haw. at 486, 849 P.2d at 63. The defendant sought to introduce evidence that the complaining witness habitually fantasized about sex, had previously reported sexual encounters with an imaginary boyfriend, and had previously reported that she was pregnant when she was not. 74 Haw. at 489-498, 849 P.2d at 64-68. The defendant argued that if the complaining witness previously fantasized sexual events, then the jury could find that she fantasized the alleged sexual assault by the defendant. 74 Haw. at 520, 849 P.2d at 77.

Because the defendant had not presented an offer of proof explaining that he was not seeking to adduce evidence of the complainant's past sexual behavior, however, this court affirmed the trial court's exclusion of the proffered evidence. 74 Haw. at 522-23, 849 P.2d at 78.

16

assaulted by someone other than the defendant. 95 Hawai'i at 454-55, 24 P.3d at 650-51. Defense counsel sought admission of the evidence, but indicated it was unclear whether the statements of the four-year-old were true or false. 95 Hawai'i at 455, 24 P.3d at 651.

West initially recognized cases holding that evidence of false statements of unrelated sexual assaults are not excluded by HRE Rule 412 because they are not evidence of sexual conduct. 95 Hawai'i at 457-58, 24 P.3d at 653-54. But we noted that courts have made admissibility of sexual assault allegations dependent on actual falsity and have required a threshold determination regarding truth or falsity. 95 Hawai'i at 458, 24 P.3d at 654.[10] We held that:

> where a defendant seeks to admit allegedly false statements
> made by a complainant regarding an unrelated sexual
> assault, the trial court must make a preliminary
> determination based on a preponderance of the evidence that
> the statements are false. Correlatively, where the trial

_____

[10] Some states' rape shield statutes specifically allow evidence of false sexual assault allegations when the probative value of such evidence outweighs potential prejudice. See ARIZ. REV. STAT. ANN. § 13-1421(A)(5) (2022) (allowing evidence of "false allegations of sexual misconduct made by the victim against others"); IDAHO R. EVID. Rule 412(b)(3) (2022) (allowing "false allegations of sex crimes made at an earlier time"); MISS. R. EVID. Rule 412(b)(2) (2022) (allowing "false allegations of sexual offenses made at any time before trial by the victim"); OKLA. STAT. tit. 12, § 2412(B)(2) (2022) (allowing "[f]alse allegations of sexual offenses"); VT. STAT. ANN. tit. 13, § 3255(a)(3)(C) (2022) (allowing "evidence of specific instances of the complaining witness' past false allegations of violations of this chapter"); WIS. STAT. § 972.11(2)(b)(3) (2022) (allowing "[e]vidence of prior untruthful allegations of sexual assault made by the complaining witness").

Other states' rape shield statutes do not specifically reference false sexual assault allegations, and admission of such evidence appears dependent on caselaw. See, e.g., Miller v. State, 779 P.2d 87 (Nev. 1989); Clinebell v. Commonwealth, 368 S.E.2d 263 (Va. 1988).

> court is unable to determine by a preponderance of the evidence that the statement is false, the defendant has failed to meet [their] burden, and the evidence may be properly excluded.

95 Hawai'i at 460, 24 P.3d at 656.

Hence, West conditioned admissibility of unrelated sexual assault evidence upon compliance with HRE Rule 412 procedural requirements even when the defense proffers the evidence based on falsity. See id. In addition, West imposed a requirement on trial courts to make a threshold determination as to truth or falsity and expressly determine falsity before admitting any such evidence. See id. We indicated we were doing so because "to permit reception of evidence which may be true or false would allow circumvention of the rape shield statute because the jury may be tempted to consider evidence about an alleged victim's sexual conduct in order to determine the victim's credibility." 95 Hawai'i at 459, 24 P.3d at 655 (cleaned up).

### 3. West's procedural notice requirements have been limited by Pond

Based on West, both the family court and the ICA concluded that Minor's failure to file a HRE Rule 412(c)(1) notice or motion at least fifteen days before trial precluded him from introducing extrinsic evidence of allegedly false allegations of sexual assault CW had made to others.

Under the circumstances of this case, however, the proffered evidence should not have been excluded based on HRE

18

Rule 412. This is because the procedural requirements of HRE Rule 412 have been limited by State v. Pond, 118 Hawai'i 452, 193 P.3d 368 (2008).

As noted, the State filed a HRE Rule 412 motion in limine on February 8, 2019, more than two months before the then-scheduled April 17, 2019 trial date. When the motion was filed, it was scheduled to be heard on March 4, 2019. After the motion in limine was filed, the trial date was continued to June 4, 2019. For some reason, the motion was never heard before the June 4, 2019 trial date, although the motion was originally scheduled to be heard well before trial and it appears there were various pretrial conferences.

Pond, 118 Hawai'i 452, 193 P.3d 368, addressed HRE Rule 404(b)'s (2016) requirement that the proponent of "prior bad act" evidence give "reasonable notice." In doing so, we discussed United States Supreme Court precedent regarding the constitutionality of and reasons for notice requirements in the context of rape shield statutes like HRE Rule 412:

> The rape shield statute, designed to protect victims of rape from being subjected to harassing or irrelevant questions concerning their past sexual behavior, permits a defendant to introduce evidence of [their] own past sexual conduct with the victim if the defendant files a written motion and an offer of proof within ten days after he is arraigned. . . .
>
> The Supreme Court recognized that the rape shield statute implicates the sixth amendment and that, to the extent that it operates to prevent a criminal defendant from presenting relevant evidence, the defendant's ability to confront adverse witnesses and present a defense is

> diminished.  This does not necessarily render the statute
> unconstitutional.  [The Court] observed that the
> defendant's right to present relevant evidence may, in
> appropriate cases, bow to accommodate other legitimate
> interests in the criminal trial process.
>
> Pursuant to this rule, the Supreme Court recognized
> the state's interest in the policy underlying the rape
> shield statute's procedural prerequisites—to
> protect rape victims from surprise, harassment, and
> invasions of privacy, and permit the prosecution to
> investigate the evidence. . . . Based on its prior rulings
> and the state's interest in the rape shield statute, [the
> Court] ruled that precluding evidence based on
> the rape shield statute's notice requirement is not per
> se unconstitutional.  However, it remanded the case to
> determine whether the trial court abused its discretion by
> precluding [the defendant's] evidence.

Pond, 118 Hawai'i at 464-65, 193 P.3d at 380-81 (cleaned up).

Pond recognizes that although constitutional rights implicated by a rape-shield statute are not automatically violated by notice requirements, such notice requirements must further "legitimate interests," which are to "protect rape victims from surprise, harassment, and invasions of privacy, and permit the prosecution to investigate the evidence."  See id. Pond also recognized that the notice requirement is subject to an abuse of discretion review.  See 118 Hawai'i at 461, 193 P.3d at 377.

Whether or not HRE Rule 412 applies to false allegations of sexual assault, under the circumstances of this case, it was an abuse of discretion for the family court to exclude the proffered evidence based on the procedural notice requirements of HRE Rule 412.  The State knew about the evidence and filed a HRE Rule 412 motion in limine months before trial.  The State's

motion and its arguments at the June 4, 2019 hearing indicate it filed the HRE Rule 412 motion in limine because it had reviewed the child welfare reports and was aware that evidence regarding sexual assaults by others could be elicited by Minor.  The State was not surprised and was not precluded from investigating the evidence it already knew.  Thus, it was error to exclude the evidence based on failure to comply with HRE Rule 412 procedural notice requirements.

### 4.  **West** must be clarified

Minor also challenges (1) the family court's post-trial determination that it had properly excluded the evidence because Minor had failed to establish falsity as required by West; and (2) the ICA's ruling the family court could make that finding even though the family court had not made a preliminary determination as to falsity.

As discussed, West initially recognized that false allegations of unrelated sexual assaults are not excluded by HRE Rule 412.  See 95 Hawai'i at 457-58, 24 P.3d at 653-54.  Yet, in addition to requiring compliance with HRE Rule 412 procedural requirements, West held that "where a defendant seeks to admit allegedly false statements made by a complainant regarding an unrelated sexual assault, the trial court must make a preliminary determination based on a preponderance of the

evidence that the statements are false." 95 Hawaiʻi at 460, 24 P.3d at 656.

This holding of <u>West</u> raises significant issues. As recognized by <u>Kelekolio</u> and initially in <u>West</u>, false allegations of sexual assault are not sexual conduct, which is the subject of HRE Rule 412. <u>West</u> also implicates the constitutional rights of criminal defendants.[11] Additionally, as a practical matter, a trial court may not be able to ascertain whether a complaining witness's allegations of sexual assault by others are true or false. And even in a bench trial, as in this case, it can be error for the court to reject evidence which, if admitted, would present an essential factual issue for itself as the trier of fact. See <u>Abion</u>, 148 Hawaiʻi at 448, 478 P.3d at 273.

---

[11] Such rights include rights to confrontation, cross-examination, and to present a complete defense, which also apply to minors in juvenile proceedings. For example, we have noted:

> HRE 412 cannot override the constitutional rights of the accused. Under sections 5 and 14 of Article I of our State Constitution, appellant's right of confrontation includes a right to appropriate cross-examination of the complaining witness.

State v. Calbero, 71 Haw. 115, 124, 785 P.2d 157, 161 (1989).

For adults, the constitutional right to a jury trial may also be implicated. For example, we have stated:

> The rule requiring the submission of factual determinations to the jury if there is any evidence upon which the jury may act is based on the principle that credibility of witnesses and weight of the evidence are for the jury to decide. The court should not invade the jury's province of making factual determinations.

State v. Riveira, 59 Haw. 148, 154, 577 P.2d 793, 797 (1978) (citation omitted).

This case is an example of the difficulty of applying West. We therefore revisit and clarify West as follows: If a defendant seeks to admit a complaining witness's false allegations of sexual assault, then admissibility is not subject to HRE Rule 412 or West. Defendants seeking to admit such evidence must make it clear the evidence is being proffered for its falsity. We do not address the applicability of other rules of evidence, including HRE Rule 403 (2016).[12] A court must also, however, consider the constitutional rights of the defendant.[13]

When a defendant seeks to admit evidence of sexual assault allegations based on their truth or where truth or falsity is unclear, the admission of such evidence is subject to HRE Rule 412. However, we abrogate West's requirement that the trial court make a preliminary determination based on a preponderance of the evidence that the statements are false before allowing admission. For such evidence, HRE Rule 412 explicitly requires compliance with HRE Rule 412(c) procedural requirements as well as consideration of a defendant's constitutional rights. See HRE Rule 412(b)(1). HRE Rule 403 considerations also come into

---

[12] HRE Rule 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[13] See supra note 11.

play, but are also subject to a defendant's constitutional rights.

If any evidence of a complaining witness's allegations of sexual assault by others is admitted in jury trials, the court should give appropriate limiting instructions.

In this case, Minor proffered extrinsic evidence that CW had made false statements of sexual assault against others.  For the reasons explained above, we hold that this evidence was not subject to HRE Rule 412 or West.[14]  The exclusion of the evidence proffered in this case was not harmless beyond a reasonable doubt.  Minor's adjudication as a law violator must therefore be vacated.

## C.    The insufficient evidence argument is without merit

Finally, in a conclusory fashion, Minor asserts that there was insufficient evidence for the family court to adjudicate him a law violator.  Appellate challenges to the sufficiency of evidence must always be decided.  State v. Davis, 133 Hawai'i 102, 116, 324 P.3d 912, 926 (2014).

Viewing the record in the light most favorable to the State, there was sufficient evidence to support the family

---

[14]    The foundational requirements of HRE Rule 613(b) had been met.  See supra note 8.  The issue of whether any of the proffered evidence could or should have been excluded based on HRE Rule 403, consistent with Minor's constitutional rights, is not before us.

court's adjudication of Minor as a law violator on Counts 1,2, and 4.  This argument on certiorari is devoid of merit.

### V.    Conclusion

Hence, we vacate the ICA's October 30, 2020 judgment on appeal as well as the family court's June 5, 2019 decree, July 23, 2019 order, and September 24, 2019 findings of fact and conclusions of law.  We remand to the family court for proceedings consistent with this opinion.

Walter J. Rodby
for petitioner

Brian R. Vincent
for respondent

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

